United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-13919-pmm |
| Kai Coleman-Morris | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Sep 13, 2024 | Form ID: 3180W | Total Noticed: 10 |

The following symbols are used throughout this certificate:
**Symbol**  **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 15, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Kai Coleman-Morris, 1214 Timothy Lane, Phoenixville, PA 19460-4068 |
| 14347380 | + | Quail Crossing Condominium Association, c/o Del Val Realty & Property Management, 81 Lancaster Ave. Suite 218, Malvern PA 19355-2143 |
| 14408136 | + | Quail Crossing Condominium Association - 1214, c/o Del Val Realty & Property Management, Great Valley Shopping Center, 81 Lancaster Avenue, Suite 218, Malvern, PA 19355-2143 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Sep 13 2024 23:53:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Sep 14 2024 03:53:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Sep 13 2024 23:53:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 14364050 | + | EDI: BANKAMER2 | Sep 14 2024 03:53:00 | Bank of America, N.A., P O Box 982284, El Paso, TX 79998-2284 |
| 14359147 | + | Email/Text: ECMCBKNotices@ecmc.org | Sep 13 2024 23:53:00 | Nelnet obo College Assist, PO Box 16358, St. Paul, MN 55116-0358 |
| 14354389 | | Email/Text: blegal@phfa.org | Sep 13 2024 23:53:00 | PHFA/HEMAP, 211 NORTH FRONT ST, PO BOX 8029, HARRISBURG, PA 17105 |
| 14380438 | | Email/Text: BKSPSElectronicCourtNotifications@spservicing.com | Sep 13 2024 23:53:00 | Towd Point Mortgage, et. al, c/o Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250 |
| 14376903 | + | EDI: WFFC2 | Sep 14 2024 03:53:00 | Wells Fargo Bank N.A., d/b/a Wells Fargo Auto, PO BOX 169005, Irving, TX 75016-9005 |

TOTAL: 8

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and**

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Sep 13, 2024 | Form ID: 3180W | Total Noticed: 10 |

**belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 15, 2024          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 12, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRAD J. SADEK | on behalf of Debtor Kai Coleman-Morris brad@sadeklaw.com bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com;documents@sadeklaw.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor Towd Point Mortgage Trust 2017-FRE2  U.S. Bank National Association, as Indenture Trustee bkgroup@kmllawgroup.com |
| GILBERT E. TOLL | on behalf of Quail Crossing Condominium Association gtollpc@comcast.net |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KEVIN G. MCDONALD | on behalf of Creditor Towd Point Mortgage Trust 2017-FRE2  U.S. Bank National Association, as Indenture Trustee bkgroup@kmllawgroup.com |
| MICHELLE L. MCGOWAN | on behalf of Creditor Towd Point Mortgage Trust 2017-FRE2  U.S. Bank National Association, as Indenture Trustee mimcgowan@raslg.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 7

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Kai Coleman–Morris<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–1384<br>EIN  \_ \_–\_ \_ \_ \_ \_ \_ \_ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  \_ \_ \_ \_<br>EIN  \_ \_–\_ \_ \_ \_ \_ \_ \_ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 19–13919–pmm | |

# Order of Discharge 12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Kai Coleman–Morris

<u>9/12/24</u>              **By the court:** <u>Patricia M. Mayer</u>
                                     United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**